UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH PULFER,

       Plaintiff,

v.                              CASE No.  8:06-CV-1024-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

       Defendant.
_____

O R D E R

       The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[2]  Because the decision of the Commissioner of Social Security does not properly evaluate the plaintiff's diagnosis of fibromyalgia, the decision will be reversed and the matter remanded for further consideration.

I.

_____

[1]Michael J. Astrue has become the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 11).

The plaintiff, who was fifty-two years old at the time of the administrative hearing and who has a tenth-grade education, has previously worked as a shipping clerk and a pool accessory machine operator (Tr. 54, 58, 63, 437). She filed a claim for Social Security disability benefits, alleging that she became disabled due to chronic obstructive pulmonary disease, emphysema, and arthritis (Tr. 53). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge.  The law judge found that the plaintiff suffers from severe impairments of diffuse polyarthralgias, mild degenerative disc disease in her lumbar spine and thoracic spine, chronic obstructive pulmonary disease/emphysema, anxiety, and depression (Tr. 32).   She concluded that these impairments restricted the plaintiff to a limited range of light work (<u>id</u>.).  Thus, the law judge found that the plaintiff could only occasionally climb, balance, bend, stoop, kneel, crouch, squat or crawl; that she must avoid reaching above shoulder level with her right arm and could reach above shoulder level with her left arm only occasionally; that she could not use her feet bilaterally for repetitive movements such as operating foot

controls and push/pull; and that she must avoid concentrated or excessive exposure to pulmonary irritants (id.).  Further, the plaintiff was limited to performing routine tasks with simple instructions and only occasional interaction with the general public (Tr. 32-33).  Based upon the testimony of a vocational expert, the law judge determined that these limitations did not preclude her return to prior work as a pool accessory machine operator (Tr. 31, 33).  Alternatively, the law judge found that, based upon the vocational expert's testimony,  there are other jobs existing in the national economy that the plaintiff could perform, such as mail clerk, office helper, or production assembler (Tr. 31).  Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 33).  The Appeals Council let the law judge's decision stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A).  A "physical or mental

impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 423(d)(3).  The Act provides further that a claimant is not disabled if she is capable of performing her previous work.  42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.   Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff, who complains of multiple physical and mental ailments, asserts three contentions in her memorandum.  To the extent the contentions relate to fibromyalgia, they have merit.

The plaintiff has been diagnosed with fibromyalgia by her treating rheumatologist, Dr. Snezana Trajkovic (Tr. 293-00, 376-77).  Other treating doctors have stated that diagnosis as well (Tr. 303, 340, 343, 344, 346).

"Fibromyalgia is a condition characterized by widespread pain in joints, muscles, tendons and soft tissues."  <u>Heppell-Libsansky</u> v. <u>Commissioner of Social Security</u>, 2006 WL 622745 at *1 n.1 (11th Cir.

-5-

2006)(unpub. op.). Thus, in <u>Sarchet</u> v. <u>Chater</u>, 78 F.3d 305, 306 (7th Cir. 1996), the court had the following to say about fibromyalgia:

> Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and – the only symptom that discriminates between it and other diseases of a rheumatic character – multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch.

The plaintiff challenges the law judge's decision on the ground that, among other things, the law judge does not even discuss, much less evaluate, the plaintiff's diagnoses of fibromyalgia (Doc. 12). Unlike the typical Social Security decision, the law judge in this case did not provide a summary of the medical evidence. As a result, she did not set forth the diagnosis of fibromyalgia that had been made. The only mention of fibromyalgia was in the law judge's statement of an opinion by a treating physician, Dr. Larry D. Canton. Most importantly, the law judge did not evaluate the plaintiff's impairment of fibromyalgia. This omission violates the

basic principle that the law judge "must state specifically the weight accorded each item of evidence and the reasons for h[er] decision" on such evidence.  Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986); Vega v. Commissioner of Social Security, 265 F.3d 1214, 1219 (11th Cir. 2001)("remands are required when an ALJ fails to consider properly a claimant's condition despite evidence in the record of the diagnosis").

The Commissioner seems to argue that the law judge's decision should be affirmed because the medical evidence does not support a finding that the plaintiff's fibromyalgia is a limiting impairment (Doc. 13).  This argument is unpersuasive because it is the law judge's duty, and not this court's, to determine whether the plaintiff's fibromyalgia causes functional limitations.  McDaniel v. Bowen, 800 F.2d 1026, 1032 (11th Cir. 1986).

There is, moreover, evidence that fibromyalgia, along with severe osteoarthritis, renders the plaintiff disabled.  Thus, in a questionnaire dated June 2, 2005, Dr. Canton, the plaintiff's primary care physician, stated that, due to fibromyalgia and severe osteoarthritis, the plaintiff was unable to engage in full-time sedentary work (Tr. 366).  He specified that the plaintiff "has difficulty with repetitive activities and movements, which intensify

throughout the day.  Need to change position frequently, such as sitting to standing, and vice versa due to pain" (id.).  Additionally, on the same date, Dr. Canton completed a "Treating/Examining Source Statement of Physical Capability" which opined that the plaintiff can lift a maximum of ten pounds for less than one hour daily, that she could stand or walk for only two hours in a workday, and can sit only for two hours in a workday (Tr. 368-69).

The law judge "totally reject[ed]" Dr. Canton's assessment of the plaintiff's physical capacity, stating (Tr. 28):

> 1) there is a lack of objective clinical or laboratory findings to support the degree of limitation alleged since his own treatment record dated April 22, 2005 ... shows he diagnosed the claimant with only "COPD" and "Osteoarthritis" which does not show such extreme limitations nor does the other medical evidence in the file; 2) the record reveals no significant evidence of neurologic compromise which would affect the claimant's ability to stand, walk or sit to the degree as indicated; and 3) he does not relate his opinion to any specific findings because there are none in the file.

Because Dr. Canton was a treating physician, the law judge had to give substantial, or considerable, weight to his opinions unless there was good cause for not doing so.  Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004).  Good cause exists when the treating physician's opinion is not

bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The plaintiff argues that the law judge erred in rejecting Dr. Canton's assessment.  The reasons given by the law judge would suffice to support rejection of Dr. Canton's opinions, absent the diagnosis of fibromyalgia.  However, in light of that diagnosis, the law judge cannot base her rejection of Dr. Canton's opinions on the absence of objective medical findings and the lack of significant neurologic compromise.  Those reasons are not adequate because fibromyalgia "often lacks medical or laboratory signs."  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).  In fact, "the impairment's hallmark is ... a lack of objective evidence."  Id.

Under these circumstances, the validity of the law judge's rejection of Dr. Canton's opinions depends upon a proper assessment of the plaintiff's impairment of fibromyalgia.  At this point, such an assessment has not been done.  Accordingly, a remand is required.

The plaintiff also argues that the law judge failed to "pay much, if any[,] attention to [c]laimant's arteriosclerosis of the abdominal aorta,

kidney cyst, or heel spurs with planter [sic] fasciitis" (Doc. 12, p. 17).  The

plaintiff's argument does not include any supporting record citations, in

contravention of the scheduling order (Doc. 9, p. 2) and, therefore, it is

properly considered abandoned.  Nevertheless, on remand, the Commissioner

would be well-advised to make an express evaluation of the plaintiff's

allegation of heel pain.

The final issue raised by the plaintiff is that she has new and

material evidence that warrants a remand.  In this connection, the plaintiff

presented Dr. William J. Near's assessment of a shoulder MRI, in which he

concludes that the plaintiff suffers from  "Subacromial  impingement

syndrome, both shoulders" (Doc. 12, p. 18; Tr. 394-97).

New evidence may support a remand under sentence six of 42

U.S.C. 405(g).  Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert.

denied, 525 U.S. 1124 (1999).  In order to obtain a remand, the plaintiff must

demonstrate that (1) the evidence is new and not cumulative, (2) the evidence

is material in that a reasonable possibility exists that the new evidence would

change the administrative result, and (3) good cause exists for the plaintiff's

failure to submit the evidence at the appropriate level.  Id.  The plaintiff cannot satisfy all three of these criteria.

The plaintiff has not shown that there is a reasonable possibility that this evidence would change the administrative result.  Thus, the plaintiff argues that this MRI "shows a more serious bilateral shoulder impairment, which would significantly affect [her] ability to work, particularly work requiring lifting with both arms" (Doc. 12, p. 18).  However, the plaintiff's residual functional capacity already restricts her from reaching above shoulder level with her right arm, and limits her to only occasionally reaching above her shoulder with her left arm (Tr. 25, 32).  The plaintiff provides no basis for concluding that the new diagnosis of "Subacromial  impingement syndrome both shoulders" would warrant a more restrictive functional capacity.  See Davis v. Barnhart, 2005 WL 2510227 at *3 (11th Cir. 2005)(unpub. dec.)("Disability is determined by the effect an impairment has on the claimant's ability to work, rather than the diagnosis of an impairment itself").  In fact, Dr. Near's comment that the "MRI of the right shoulder demonstrates

no real significant findings and the [left][3] shoulder likewise demonstrates no real findings" (Tr. 397) indicates otherwise.  Therefore, the plaintiff has not satisfied her burden of showing that a sentence six remand is warranted.  Nevertheless, this evidence can be presented on remand.

This issue, notably, points out another problem in the administrative decision, one that has not been raised.  The law judge, as indicated, found the plaintiff's residual functional capacity to include no reaching above shoulder level with her right arm (Tr. 25, 32).  However, the hypothetical question to the vocational expert included occasional reaching above shoulder level (Tr. 437).  Thus, the hypothetical question was flawed.  This flaw can also be corrected on remand.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED** and the matter **REMANDED,** pursuant to sentence four of 42 U.S.C. 405(g), for

---

[3]Dr. Near actually stated "right" shoulder in his notes twice.  However, reading the sentence in context shows that this was a typographical error and that he intended to state "left" (see Tr. 397).

further consideration.  The Clerk shall enter judgment in accordance with this

Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this <u>17th</u> day of

August, 2007.


THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE